IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: SEPTEMBER 3, 2008
08CV5030
JUDGE GUZMAN
MAGISTRATE JUDGE NOLAN
CH

| | |
|---|---|
| JOSEPH W. MILANO III, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. |
| EQUIFAX INFORMATION SERVICES, LLC, and TRANS UNION, LLC, | ) |
| Defendants. | ) |

## COMPLAINT

### I. Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended.*

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 28 U.S.C. §§1331, 1337. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III. Parties

3. Plaintiff, Joseph W. Milano III, is an adult individual and citizen of the State of Illinois.

4. Defendant Equifax Credit Information Services, LLC, is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the State of Illinois, is a citizen of the State of Illinois.

5.      Defendant Trans Union, LLC, is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the State of Illinois, is a citizen of the State of Illinois.

## IV.     Factual Allegations

6.      Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

7.      The inaccurate information of which Plaintiff complains is a trade-line named Du Page Law Court.  Specifically, Plaintiff asserts that the judgment belongs to his father with the same name.  Despite providing Defendants with notice to the contrary, Defendants have disseminated credit reports and/or information that the tradeline is reported accurately.

8.      The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

9.      The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

10.     In November of 2007, Plaintiff disputed the inaccurate information with Defendants by written communication to its representatives and by following Defendants' established procedure for disputing consumer credit information.  In response Defendants stated the judgment did not appear on Plaintiff's credit file, however in July of 2008, Defendants began reporting the judgment as belonging to Plaintiff without first notifying Plaintiff of their intent to do so.

11. Notwithstanding Plaintiff's efforts, Defendants continue publishing the inaccurate information to other third parties, persons, entities and credit grantors.

12. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently began reporting this information after having once admitted it was not reporting on Plaintiff's credit report in the past.

13. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   c. Decreased credit score which may result in inability to obtain credit on future attempts.

14. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

15. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, were malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

## COUNT ONE
## VIOLATION OF THE FCRA v. EQUIFAX INFORMATION SERVICES, LLC

16. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

3

17. At all times pertinent hereto, Defendant was a "persons" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

18. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

19. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

20. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

   (a) willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. §1681i(a);

   (b) willfully and negligently failing to obtain a certification from the person who furnished this trade line prior to re-inserting the inaccurate information in violation of 15 U.S.C. §1681i(a)(5)(B)(i);

   (c) willfully and negligently failed to notify the Plaintiff that they re-inserted the aforementioned derogatory information within five (5) days after the reinsertion in violation of 15 U.S.C. §1681i(a)(5)(B)(ii);

   (d) willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

   (e) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

21. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law.

## COUNT TWO
## VIOLATION OF THE FCRA v. TRANS UNION, LLC

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, Defendant was a "persons" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

24. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

25. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

26. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

(a) willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. §1681i(a);

(b) willfully and negligently failing to obtain a certification from the person who furnished this trade line prior to re-inserting the inaccurate information in violation of 15 U.S.C. §1681i(a)(5)(B)(i);

      (c)    willfully and negligently failed to notify the Plaintiff that they re-inserted the aforementioned derogatory information within five (5) days after the reinsertion in violation of 15 U.S.C. §1681i(a)(5)(B)(ii);

      (d)    willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

      (e)    willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

27.    The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law.

## V.    JURY TRIAL DEMAND

28.    Plaintiff demands trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOSEPH W. MILANO III, seeks judgment in Plaintiff's favor and damages against Defendant, based on the following requested relief:

      (a)    Actual damages;

      (b)    Statutory damages;

      (c)    Punitive damages;

      (d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n, 1681o;

  (e) An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

  (f) An order directing that Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

  (g) Such other and further relief as may be necessary, just and proper.


        Respectfully Submitted,
        **JOSEPH W. MILANO III**


        By: s/Larry P. Smith
          Attorney for Plaintiff


Larry P. Smith
Larry P. Smith & Associates, Ltd.
205 N. Michigan Ave., 40th Floor
Chicago, IL 60601
Ph. (312) 222-9028
Fax (312) 602-3911
e-mail lsmith@lpsmithlaw.com